# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DANIEL HYUN DONG KIM, <br><br> Plaintiff, <br><br> v. <br><br> RANDALL JAMES DEGELE et al., <br><br> Defendants. | No. CV 21-04535-DFM <br><br> ORDER DENYING MOTION TO REMAND |

## I.  INTRODUCTION

Plaintiff Daniel Hyun Dong Kim has moved to remand this action to the Los Angeles County Superior Court, from which it was removed. Plaintiff also seeks attorney's fees incurred in connection with the remand motion under 28 U.S.C. § 1447(c). For the following reasons, the Court DENIES Plaintiff's motion.[1]

## II.  BACKGROUND

On February 24, 2021, Plaintiff filed suit in the Los Angeles County Superior Court against Defendants Randall James Degele, Corcoran Trucking, Inc. ("Corcoran"), and Does 1-30. See Complaint, No. 21STCV07260, Exh. A

---

[1] The Court finds this matter appropriate for decision without oral argument and therefore VACATES the hearing set for November 2, 2021, at 10:00 a.m. See Local Rule 7-15.

to Notice of Removal, Dkt. 1-1 at 1-3. Plaintiff sought damages to compensate him for injuries he sustained in a traffic collision that occurred on the Interstate 5 North Freeway in Los Angeles County. See id. at 3-5. The Complaint does not, however, contain any mention of Plaintiff's residence or domicile.

More than 3 months later, on June 2, 2021, Defendants Degele and Corcoran removed to this Court, asserting diversity jurisdiction. See Notice of Removal, Dkt. 1 at 2-3. Plaintiff filed a motion to remand, arguing that Defendants' removal was untimely. See Dkt. 8 ("Motion"). Defendants opposed. See Dkt. 18 ("Opp'n"). Plaintiff filed a reply. See Dkt. 19 ("Reply").

### III.   LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). A defendant may remove a civil action from state court to federal district court so long as the district court could have exercised original jurisdiction over the action. See 28 U.S.C. § 1441(a). However, there is "a strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted). District courts "have original [diversity] jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. Further, "diversity jurisdiction 'depends upon the state of things at the time of the action brought,'" 3123 SMB LLC v. Horn, 880 F.3d 461, 467 (9th Cir. 2018) (quoting Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570 (2004)).

On granting a motion to remand, the court may order the defendant to pay the plaintiff "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The district court has

"wide discretion" to determine whether to award fees. Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992).

## IV. DISCUSSION

### A. Parties' Arguments

Plaintiff argues that remand is required because Defendants' removal was untimely. See Motion at 4, 10-12. He argues that his domicile in California—creating diversity of citizenship between him and Defendants who are citizens of Montana—was actually known to Defendants from numerous sources by the time he filed the Complaint. See id. at 4-10. He further argues that, even ignoring all pre-lawsuit sources of information, Defendants could have ascertained his California domicile by April 13, 2021, when he sent them a settlement demand letter that attached the traffic collision report and extensive medical records, both of which clearly disclosed his California domicile. See id. at 5-9.

Defendants contend that their removal was timely. They argue that this action's removability was not ascertainable from their pre-lawsuit investigation or from any documents attached to the settlement demand letter. See Opp'n at 4-6. They argue that the relevant 30-day removal period was triggered on May 10, 2021, when Defendants received discovery responses from Plaintiff disclosing that he is a citizen of California. See id. at 2. Therefore, they conclude, the June 2 removal was timely. See id.

### B. Applicable Law

A defendant generally has a 30-day deadline to remove a case to federal court. See 28 U.S.C. § 1446(b). Where the basis for removal is clear from the initial pleading, the 30-day clock begins to run from the date a defendant receives a copy of it. See id. § 1446(b)(1). This is the first pathway to removal. But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a

3

copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3). This is the second pathway to removal.

The second pathway's removal clock does not start until a paper makes a ground for removal "unequivocally clear and certain." Dietrich v. Boeing Co., --- F.4th ---, 2021 WL 4486488, at *2 (9th Cir. Oct. 1, 2021). This is a "bright-line approach," id. (quoting Harris v. Bankers Life & Casualty Co., 425 F.3d 689, 697 (9th Cir. 2005)), where the clock starts only if "it can be ascertained from the face of the document that removal is proper." Harris, 425 F.3d at 694. This approach "brings certainty and predictability," "avoids gamesmanship in pleading," and "avoids the spect[er] of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." Id. at 697.

**C.  Analysis**

Defendants' removal of this action was timely under the second pathway to removal. Defendants are correct that the first paper from which the case's removability could be ascertained was Plaintiff's discovery response stating that he has lived in California for the last 5 years. See Plaintiff's Interrogatory Responses, Response to Form Interrogatory No. 2.5, Exh. C to Notice of Removal, Dkt. 1-9 at 2. Defendants received that paper on May 10, 2021. See Declaration of Wyeth E. Burrows ¶¶ 8-9, Dkt. 1 at 5-6. Because Defendants filed their Notice of Removal within 30 days of that date, their removal was timely. See 28 U.S.C. § 1446(b)(3).

Plaintiff's arguments to the contrary lack merit. His argument that Defendants had actual subjective knowledge that he was domiciled in California invites the type of collateral litigation that the Ninth Circuit established its bright-line approach to avoid. See Motion at 4, 9-10; Harris, 425

4

F.3d at 697. Further, any argument that the case's removability was ascertainable from information in documents created before the February 24, 2021 filing of the Complaint must be rejected. See Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010) ("We would eviscerate our holding in Harris if we required defendants to rely on pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable.").

The Court also disagrees with Plaintiff's argument that the documents attached to his April 13, 2021 settlement demand letter were "conclusive evidence of [his] citizenship." Motion at 11. All of these documents were created prior to the filing of the Complaint. See id. at 6-9 (listing dates of medical treatment and billing records). Therefore, they could not make it unequivocally clear and certain where he had his domicile when it mattered for diversity purposes, when the Complaint was filed. See Horn, 880 F.3d at 467. Whether it is plausible or implausible that he moved to Montana in the 2 intervening weeks is irrelevant under the controlling test.

Finally, Plaintiff's citation to Babasa v. Lenscrafters, Inc., 498 F.3d 972 (9th Cir. 2007), is unpersuasive. See Reply at 2. Plaintiff cites that decision to support the proposition that service of a settlement demand letter is a triggering event under the second pathway to removal. See id. Indeed, it can be. But it was not in this case. The underlying fact on which removability hinged in Babasa was the amount in controversy, not the citizenship of the parties. See 498 F.3d at 974. There, the settlement demand letter contained a reasonable estimate of it exceeding that required for federal jurisdiction. See id. at 975. Here, where the key underlying fact is Plaintiff's domicile when the Complaint was filed, the settlement demand papers do not make that fact unequivocally clear and certain. As a result, Plaintiff's settlement demand letter did not start the 30-day clock for the second pathway to removal.

## V. CONCLUSION

Accordingly, Plaintiff's Motion to Remand is DENIED. His request for attorney's fees under 28 U.S.C. § 1447(c) is DENIED as moot. The Court VACATES the hearing set for November 2, 2021, at 10:00 a.m.

IT IS SO ORDERED.

Date: October 21, 2021

DOUGLAS F. McCORMICK
United States Magistrate Judge